UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez,<br><br>Petitioner,<br><br>v.<br><br>Steve Kallis, Warden, and Unit Team 2,<br><br>Respondents. | Case No. 20-cv-1084 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On May 4, 2020, Petitioner Raphael Mendez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1.] Mendez is a pretrial detainee hospitalized for treatment at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") pursuant to an order of civil commitment entered in the Eastern District of North Carolina. (Pet. ¶ 1; Orum Decl. Ex. E at 2 [Doc. No. 12-5].) In addition to the petition, Mendez filed a motion inviting a representative from the U.S. Attorney's Office to visit the Federal Medical Center at Rochester to view his living conditions and assess his medical condition [Doc. No. 9] and a request for an evidentiary hearing [Doc. No. 14]. The petition was referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1, and the Court addresses the other filings in this Report and Recommendation in the interest of judicial economy. For the reasons set forth below, the Court recommends that the petition, motion, and request for an evidentiary hearing be denied.

**I.     Background**

Mendez is civilly committed at FMC-Rochester for hospitalization and treatment pursuant to 18 U.S.C. § 4246.  (Orum Decl. Ex. E at 2.)  Mendez attacks the validity of recent guidance from the Bureau that prohibits home confinement for individuals assigned a mental health level of 4 despite the danger associated with the ongoing COVID-19 pandemic.  (Pet. ¶ 5.)  Though some of Mendez's allegations can be difficult to comprehend, it appears he is also challenging his civil commitment.[1]  (Pet. ¶¶ 4, 6, 7.)

Respondents ask the Court to deny the petition because an individual who has been civilly committed under 18 U.S.C. § 4246, such as Mendez, is not eligible for home confinement consideration.[2]  (Resp't's Resp. at 1 [Doc. No. 11].)  Respondents also ask the Court to dismiss Unit Team 2 as a Respondent, because the only proper respondent in a § 2241 habeas proceeding is the warden of the facility where the petitioner is housed.  (*Id.* at 1 n.2.)

**II.    Discussion**

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in

---

[1] As the Court noted in its Order of May 19, 2020, Mendez is a frequent litigant in this District, and his challenges to the validity of his detention have been rejected repeatedly. [Doc. No. 6.]  The Court also noted that to the extent Mendez once again attacks wholesale the validity of his detention, his challenge is frivolous for the reasons that have been explained to Mendez many times already.  *See, e.g., Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2020 WL 563941 (D. Minn. Feb. 5, 2020).

[2] In the May 19 Order, the Court directed Respondents to focus particularly on the allegation attacking the validity of recent guidance from the Bureau of Prisons that prohibits home confinement for individuals assigned a mental health level of 4, such as Mendez, regardless of the danger they otherwise face due to the ongoing COVID-19 pandemic.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Nothing in § 4246 precludes an individual committed under that statute from challenging the legality of his detention through a § 2241 petition.  *See* 18 U.S.C. § 4247(g).  Thus, Mendez conceivably could challenge the legality of his civil commitment through a § 2241 habeas petition filed in the District of Minnesota.  *See Payen v. Jett*, No. 15-cv-0122 (JRT/HB), 2016 WL 3162054, at *4 (D. Minn. May 16, 2016) (citing *Archuleta v. Hedrick*, 365 F.3d 644, 647–48 (8th Cir. 2004)), *R&R adopted*, 2016 WL 3149665 (D. Minn. June 3, 2016).  There are limits, however, on such petitions.

First, 28 U.S.C. § 2244 bars civilly committed individuals from filing successive habeas petitions asserting grounds previously raised and adjudicated in an earlier habeas proceeding:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  Second, the abuse-of-the-writ doctrine prohibits federal detainees from filing petitions raising claims that could have been raised in a prior habeas proceeding.  *Perales v. United States*, No. 14-cv-1722 (JNE/JJG), 2014 WL 3384698, at *3 (D. Minn. July 10, 2014).  Mendez has filed at least three § 2241 habeas proceedings in this District.  *See Mendez v. Paul*, No. 19-cv-183 (PAM/LIB), 2019 WL 5150038, at *3 (D. Minn. July 23, 2019), *R. & R. adopted*, 2019 WL 3928871 (D. Minn. Aug. 20, 2019), *aff'd*, No. 19-2935, 2020 WL 1154790 (8th Cir. Jan. 22, 2020); *Mendez v. United*

3

*States*, No. 12-cv-28 (ADM/FLN) (D. Minn. Jan. 5, 2012); *Mendez v. Jett*, No. 13-cv-1270 (ADM/FLN) (D. Minn. May 24, 2013). To the extent Mendez asserts a claim raised and adjudicated in a prior habeas proceeding, the claim is barred by § 2244(a). To the extent Mendez asserts a new claim, Mendez has not shown that he could not have raised that claim in a prior proceeding, and thus the abuse-of-the-writ doctrine bars the claim.

Third, "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy." *Archuleta*, 365 F.3d at 648 (cleaned up). When an applicable non-habeas statute provides a remedy, habeas relief is not appropriate. *Id.* at 648–49. Specifically, here, § 4247(h) permits Mendez to "file with the court that ordered [his] commitment a motion for a hearing to determine whether [he] should be discharged" from FMC-Rochester. 18 U.S.C. § 4247(h). "Because a civilly committed detainee can challenge his commitment directly in the court that committed him, there is another remedy available" to him. *Mendez v. United States*, No. 12-cv-28 (ADM/FLN), 2012 WL 1110125, at *2 (D. Minn. Apr. 3, 2012); *see Wattleton v. Jett*, No. 11-cv-1396 (JNE/SER), 2011 WL 5176805, at *3 (D. Minn. Oct. 13, 2011) ("The proper venue for an inmate to challenge a civil commitment order is with the court who issued the order."). The Eighth Circuit clearly instructed in *Archuleta* that only the court who issued the commitment order, not the warden of the facility in which the individual is detained, may grant release. 365 F.3d at 649. Indeed, Mendez has previously challenged his commitment through § 4247 in the Eastern District of North Carolina, where the commitment order was issued. *See Mendez v. Britt*, No. 5:08-CT-3135-D, 2009 WL

4

10703158, at *2 (E.D.N.C. Nov. 2, 2009); *United States v. Mendez*, 238 F. App'x 951, 951 (4th Cir. 2007); *Mendez v. Britt*, No. 07-cv-1278 (JMR/RLE), 2007 WL 1112593, at *2 (D. Minn. Apr. 10, 2007).  Accordingly, the Court recommends that Mendez's challenge to his civil commitment be denied.  The Court does not recommend that the petition be transferred to the Eastern District of North Carolina because Mendez has already challenged his civil commitment there and lost.  Moreover, he knows well how to bring challenges to his civil commitment pursuant to § 4247.

The Court now turns to Mendez's attack on the BOP's decision that he is not eligible for home confinement.  Mendez does not qualify for a placement in home confinement for the simple reason that he is a pretrial detainee under an order of civil commitment under 18 U.S.C. § 4246.  Title 18 U.S.C. § 3624(c)(2), from which the BOP derives its authority to place individuals in home confinement, applies only to sentenced individuals.  *See* 18 U.S.C. § 3624(c)(2) ("The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.").  Individuals who are civilly committed under § 4246, such as Mendez, may be discharged only if the director of the facility in which the individual is hospitalized "determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another" and the committing court finds "that the person has recovered from his mental disease or defect to such an extent that either "his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of

5

another" or "his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(e). None of those conditions has occurred. In sum, regardless of Mendez's assigned mental health care level, he is not eligible for home confinement consideration.

The remaining items before the Court may be quickly dispensed with. The Court recommends denying as unwarranted and unnecessary Mendez's motion to order a representative from the U.S. Attorney's Office to visit FMC-Rochester. The Court recommends that Unit Team 2 be dismissed as a Respondent because the only proper respondent in a habeas matter is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Finally, the Court recommends that Mendez's request for an evidentiary hearing be denied because the petition may be resolved on the existing record.

### III. Recommendation

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Raphael Mendez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**;

2. Mendez's motion inviting a representative from the U.S. Attorney's Office to visit the Federal Medical Center at Rochester to view his living

conditions and assess his medical condition [Doc. No. 9] be **DENIED**;

3. Mendez's request for an evidentiary hearing [Doc. No. 14] be **DENIED**;

4. Unit Team 2 be **DISMISSED** as a Respondent; and

5. This case be **DISMISSED** and **JUDGMENT ENTERED ACCORDINGLY**.

Dated: September 28, 2020                *s/ Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).