UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raphael Mendez,   Case No. 20-cv-1084 (WMW/HB)

    Petitioner,

**ORDER**

v.

Warden S. Kallis and Unit Team 2,

    Respondents.

---

This matter is before the Court on Petitioner Raphael Mendez's application to proceed *in forma pauperis* (IFP) on appeal, (Dkt. 25), and Mendez's motion requesting miscellaneous forms of relief, (Dkt. 23).

Mendez requests IFP status on appeal from the dismissal of this action. Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis *without further authorization*, unless:
>
> **(A)** the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a)(3) (emphasis added). Mendez applied for and was granted IFP status at the commencement of this action. His appeal has not been certified as taken in bad faith and no statute prevents Mendez from proceeding IFP. Accordingly, Mendez does not need

to apply for IFP status on appeal. Because Mendez may proceed IFP without further authorization of this Court, his IFP application is denied as moot. To be clear, this ruling does not prevent Mendez from proceeding with his appeal IFP, because Rule 24(a)(3), Fed. R. App. P., permits him to do so.

Mendez also filed a document captioned by him as a "motion for court order."[1] The document presents factual allegations regarding the conditions at the facility where Mendez currently is detained. These allegations are largely unrelated to the claims presented in Mendez's habeas petition. Mendez cannot assert these claims related to the conditions of his confinement in this habeas corpus proceeding because this action is not the proper means for challenging the conditions of his confinement. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). Moreover, Mendez's motion does not fit within any category of permissible post-judgment motions. S*ee, e.g.*, Fed. R. Civ. P. 60. Therefore, this motion is denied.

## ORDER

Based on the foregoing analysis, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. The application to proceed *in forma pauperis* on appeal of Petitioner Raphael Mendez, (Dkt. 25), is **DENIED AS MOOT**.

---

[1] Mendez's motion for miscellaneous relief was filed prior to his notice of appeal. Accordingly, this Court retains jurisdiction over the motion, notwithstanding the filing of the notice of appeal. *See, e.g.*, *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996).

2.       Mendez's motion for miscellaneous relief, (Dkt. 23), is **DENIED**.


Dated:  March 1, 2021                                         s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                              United States District Judge